## H. K. MITCHELL ET AL., RESPONDENTS, *v.* M. BROM-BERGER, APPELLANT.

An attorney who, at the request and for the benefit of a debtor, appears of record for the creditor in a confession of judgment by the debtor, may recover what his services are reasonably worth from the debtor.

An appearance of record would be *prima facie* evidence of the liability of the person for whom the attorney appears; but such *prima facie* evidence may be overcome by other proof, and the liability of another person established for a reasonable compensation; and it would be no contradiction of the record to show that such attorney was, in fact, employed by some other person, or that the services were in fact for the benefit of another.

A verdict and judgment for gold coin expressly is erroneous.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Storey County, Hon. R. S. MESICK presiding.

The facts are fully stated in the opinion of the Court.

*Mitchell & Hundley,* for Respondents.

*Perley & DeLong,* for Appellant.

The Court erred in admitting in evidence the two confessions of judgment of *Bromberger* v. *Bromberger,* and *Paxton & Thornburgh.* v. *Bromberger.* The Court also erred in refusing to strike out those two judgments, for the following reasons:

*First*—Because respondents in both cases appeared as attorneys of record for the plaintiffs in those actions, and not for the defendant.

*Second*—Because no man can be attorney upon both sides of a case.

*Third*—The plaintiffs are estopped by the record in those cases to allege that they acted as attorneys for the defendant, the records themselves showing that they acted as attorneys for the plaintiffs.

*Fourth*—Because any agreement by a party to commence or prosecute actions against himself is void upon the ground of public policy.

Opinion of the Court by LEWIS, C. J., full Bench concurring.

This action was brought to recover the sum of one thousand and thirty-seven dollars, claimed to be due from the defendant for legal services alleged to have been rendered for him at his request.

There was no express contract between the parties, nor was there any promise by the defendant to pay any sum of money whatever for the services rendered, independent of the legal presumption which would arise from the request by the defendant and the rendition of the service by the plaintiffs. The services claimed to have been rendered for the defendant consisted of counsel, as attorneys, given him with respect to his business, and also the drawing up and preparing certain confessions of judgment by the defendant in favor of some of his creditors. The testimony introduced at the trial may be briefly summed up as follows: " The defendant, who was a merchant in the City of Virginia, being in failing circumstances, called upon the plaintiffs, who were practicing lawyers, to consult with them as to the best means by which he could extricate himself from his financial embarrassments. After some consultation, the defendant following the advice of the plaintiffs, concluded to confess judgment in favor of his brother, S. Bromberger, who was a creditor, residing in California, and also in favor of his bankers, Paxton & Thornburgh, who were doing business in the City of Virginia. At the suggestion of the plaintiffs, a power of attorney was sent to them by S. Bromberger, authorizing them to take the confession of judgment in his favor. The plaintiffs appeared as attorneys of record for him, and also for Paxton & Thornburgh, in obtaining the confession of judgment.

It is, however, stated by the witness Mitchell, that though he and his partner appeared as attorneys of record for these creditors of the defendant, they acted under the directions of the defendant exclusively, and for his benefit.

The witness Mace also testified that the defendant informed him that he had employed the plaintiffs in preparing the con-

fessions of judgment, and that he was willing to pay them a reasonable fee.

Other witnesses testified that the services rendered by the plaintiffs were reasonably worth the sum of one thousand dollars.

The case having been submitted to the jury, a verdict was returned in favor of the plaintiffs, for the sum of six hundred dollars in gold coin of the United States.

From the judgment rendered upon this verdict and the order refusing a new trial, the defendant appeals.

It was claimed in the Court below, and the point is also made here, that the plaintiffs having acted for the creditors, and appeared as attorneys of record for them in preparing the confessions of judgment, cannot recover compensation for such services from the defendant, because it is said no man can be attorney upon both sides of a case, and the record estops the plaintiff from denying that the services were rendered for the creditors and not for the defendant. Though much stress is laid on the fact that the plaintiffs are claiming pay from the defendant for services rendered in matters where they appear upon the record to have rendered them for other parties and not for him, the real question in the case is, for whom in fact were the services rendered, or who employed plaintiffs to render them? If it can be satisfactorily shown that the defendant was the real party in interest, or employed the plaintiffs in the case in which judgment was confessed, he would be holden to them for a reasonable compensation for such services. The appearance of record as the attorneys of S. Bromberger and Paxton & Thornburgh, is certainly strong evidence tending to exonerate the defendant from any liability; for *prima facie* the person for whom an attorney appears is holden for his fees. Such evidence, however, might be overcome or explained away by other proof, and it would be no contradiction of the record to show that such attorney was in fact employed by some other person, or that the services were in fact for the benefit of another. The record in those cases might estop plaintiffs from denying that they appeared as counsel for S. Bromberger or Paxton & Thornburgh, but it would not estop them from showing that the defendant was the real party in interest, or

that he employed them to appear for these parties and become responsible for their fees.

Whether the evidence in this case was sufficient to overcome the presumption raised by the plaintiffs' appearance of record for the creditors of the defendant, it is unnecessary to determine. We conclude, however, that they would not be estopped from showing that the defendant is responsible for services so rendered. We do not consider it necessary at this time to pass upon the sufficiency of the complaint in this case, but to avoid all question hereafter it would, perhaps, be well to add an allegation to the effect that the services rendered were reasonably worth the sum claimed.

But there is a fatal objection to the verdict and judgment in this case as they now stand. This Court has just decided that the Specific Contract Act is null and void.

The judgment, which was for gold coin, is therefore erroneous, and must be reversed. Ordered accordingly.